

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00261-CV

RICKY THOMAS LOVELL,

                                                                    Appellant

 v.

AMERISURE INSURANCE COMPANY,

                                                                    Appellee

**From the 18th District Court
Johnson County, Texas
Trial Court No. C201100578**

## MEMORANDUM  OPINION

On August 8, 2012, this Court sent appellant, Ricky Thomas Lovell, a letter informing him that his notice of appeal in this matter contained several deficiencies and appeared to be untimely.  *See* TEX. R. APP. P. 25.1, 26.1.  In response to our letter, Lovell filed, on August 22, 2012, numerous documents, many of which are confusing and do not appear to address the concerns expressed in our prior notice.  But, among Lovell's documents is a June 4, 2012 letter from the trial judge, the Honorable John E. Neill, wherein he explained that:  "[T]he Court GRANTS Amerisure Insurance Company's

Motion for Summary Judgment. Mr. Fundis shall prepare the written order that correctly reflects this ruling, and submit said order to the Court upon approval from the Division of Workers['] Compensation."

While awaiting a response from Lovell, the Clerk's Record in this matter was filed. And, though Lovell does not provide a cogent response to the concerns expressed in our August 8, 2012 letter, we notice that the Clerk's Record contains the trial court's signed "Final Judgment" granting appellee Amerisure Insurance Company's motion for summary judgment on July 24, 2012. *See* TEX. LABOR CODE ANN. § 410.258(a) (West 2006) (providing that a proposed judgment or settlement must be filed with the Division of Workers' Compensation "not later than the 30th day before the date on which the court is scheduled to enter the judgment or approve the settlement"). Thus, Lovell's July 19, 2012 notice of appeal appears to have been filed prematurely. *See* TEX. R. APP. P. 27.1(a) ("In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal.").

Nevertheless, in his response, Lovell does not demonstrate that he served his notice of appeal on all parties to the trial-court proceeding, despite being warned about the deficiency in our August 8, 2012 letter. *See id.* at R. 25.1(e) ("The notice of appeal must be served on all parties to the trial court's final judgment or, in an interlocutory appeal, on all parties to the trial court proceeding."); *see also id.* at R. 9.5(a) ("At or before the time of a document's filing, the filing party must serve a copy on all parties to the proceeding."), (d) ("A document presented for filing must contain a proof of service in

the form of either an acknowledgement of service by the person served or a certificate of service.").

As we noted in our August 8, 2012 letter, Lovell's failure to file a compliant notice of appeal within 21 days of our letter "will result in the dismissal of his appeal without further notification for failure to comply with this order or notice from the Clerk." *See id.* at R. 42.3(c). Because Lovell's notice of appeal still is not compliant with Texas Rule of Appellate Procedure 25.1, we dismiss his appeal in this matter.[1] *See id.* at R. 25.1(e), 42.3(c).

AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Appeal dismissed
Opinion delivered and filed August 30, 2012
[CV06]

---

[1] Lovell has also filed a request to proceed without payment of costs. Based on our disposition, we dismiss this request as moot.